In the Matter of the Petition of Long Island Lighting Company, Appellant, to Acquire Property and a Right of Way for the Public Use, in, on, over, through and across Land Located, in Part, in the Town of Huntington, Suffolk County,

New York, and in Part in the Town of Oyster Bay, Nassau County, New York, Owned by the Estate of JOHN HURTIN KING, Respondent, Late of Brooklyn, Kings County, New York.— Order confirming report of commissioners reversed on the law and the facts, with costs, and the matter remitted to the Special Term for consideration by new commissioners to be appointed by the court upon payment by appellant of the fees of the old commissioners as fixed in the order. The award for consequential damage is excessive. We are further of opinion that the view of the commissioners that the most available use is that of a country estate is against the weight of the evidence. Appeal from order denying motion to amend the petition dismissed without prejudice to an application to amend the petition. Young, Hagarty, and Carswell, JJ., concur; Lazansky, P. J., concurs, with the following memorandum: The order should be reversed on the law (except re: commissioners' fees) and proceeding remitted to the Special Term for the appointment of new commissioners to ascertain the compensation to be made to the claimant for the property to be taken for the public use specified in the petition. The commissioners undoubtedly assessed damages upon the basis of the use of the land in question for estate purposes. There was testimony, which the commissioners believed, that one of the available uses of this property was for an estate. There was, however, no proof of any demand or market for such use at the time of the taking of the easement or reasonably to be expected in the near future. except that there were estates some distance from the property, the details of which were too vague to permit the inference that such demand or market did exist. The commissioners based consequential damages upon the irregu arity and shape of the property after the creation of the easement. They meant by that that there was a division of the property into two parcels. The property, however, was in the same shape before as after the taking. The easement may have affected the adaptability of the property because of the existence of the towers and wires and other rights under the easement. The commissioners also erred in including in their estimate of consequential damages " damage to the remainder on the existence of the easement over other lands " of claimant. Whatever damages were suffered by the taking of the easement, including the easement of necessity, were to be found by determining the value of the land before and after the taking, and the consequential damages, if any, were to be based upon the effect of that taking upon the remainder, and not otherwise. Kapper, J., not voting.